---

REID v. SUSTAR.

---

*No counsel appearing for plaintiff.*
*Oscar B. Turner, in propria persona.*

STACY, C. J. The finding that the defendant did not adopt as his seal the word "(Seal)" appearing at the end of the line, unless he did so by writing his name on said line, is a finding, as we understand it, that the maker had no intention at the time of executing a sealed instrument, which perforce renders it a simple contract. *Yarborough v. Monday,* 14 N. C., 420; *Baird v. Reynolds,* 99 N. C., 469; *Pickens v. Rymer,* 90 N. C., 282; *Caputo v. Di Loreto,* 148 Atlantic (Conn.), 367.

Whether a mark or character is to be regarded as a seal depends upon the intention of the executant. *Jacksonville, etc., Railway v. Hooper,* 160 U. S., 514; *Lynam v. Califer,* 64 N. C., 572; 3 R. C. L., 923; 24 R. C. L., 695; 1 Daniel on Negotiable Instruments, 31.

The note is one which could be, indifferently, a simple contract or a sealed instrument. Note, 19 Ann. Cas., 674. A different result might follow if it were required by law to be under seal. *Devereux v. Mc-Mahon,* 108 N. C., 134, 12 S. E., 902; *Hopkins v. Lumber Co.,* 162 N. C., 533, 78 S. E., 286.

The case of *Ducker v. Whitson,* 112 N. C., 44, 16 S. E., 854, is not authority for plaintiff's position. The question now presented was not mooted in that case. For history of seals, see *Ingram v. Hall,* 2 N. C., 193; *Cromwell v. Tate's Executors,* 7 Leigh (Va.), 305.

The defendant's plea of the statute of limitations would seem to be good. C. S., 2988; *Caldwell v. Rodman,* 50 N. C., 139.

Reversed.

---

WILLIAM B. REID, ADMINISTRATOR, v. LEWIS SUSTAR ET AL.

(Filed 1 May, 1935.)

**Negligence A c—Doctrine of attractive nuisance held not to warrant recovery for intestate's death under evidence in this case.**

Evidence that plaintiff's intestate, a thirteen-year-old boy, went to defendant's corn mill to return an implement, or take some corn to be ground, and that while there he engaged in a friendly fight with boys in the mill, wrestling and throwing corncobs, and that intestate, contrary to repeated warnings given by defendant to boys around the mill, went into the engine room, while defendant was not looking, to get more corncobs for the fight, and there came in contact with revolving machinery resulting in injury causing his death, *is held* insufficient to resist defendant's motion as of nonsuit.

APPEAL by plaintiff from *Clement, J.,* at February Term, 1935, of MECKLENBURG.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect, or default of the defendants.

The facts are these: On 20 November, 1931, plaintiff's intestate, a Negro boy, thirteen years of age, went to the corn mill operated by the defendants, either to return a scoop or shovel, which belonged to the mill, or to take some corn to be ground, or both. While there, he and three other Negro boys began playing, wrestling, and throwing corncobs at each other. 'Twas a friendly battle with corncobs. The operator of the mill frequently warned the boys to stay out of the engine room where there was a large pile of corncobs. Contrary to such warning, when the miller was not looking, plaintiff's intestate ran into the engine room to get more cobs, to be used in the juvenile war, and in reaching for them over a revolving shaft, his clothing caught on the shaft and he was thrown around it and severely injured, from which he later died.

Judgment of nonsuit entered at the close of plaintiff's evidence, from which he appeals, assigning errors.

*G. T. Carswell and Joe W. Ervin for plaintiff.*
*Stewart & Bobbitt and James O. Moore for defendants.*

STACY, C. J., after stating the case: It is not perceived upon what theory plaintiff is entitled to recover of the defendants in this case. *Briscoe v. Light & Power Co.*, 148 N. C., 396, 62 S. E., 600. The judgment of nonsuit is correct. *Boyd v. R. R.*, 207 N. C., 390.

Affirmed.

---

## STATE v. J. H. GULLEDGE.

(Filed 1 May, 1935.)

**Municipal Corporations B a: H d—Municipality held without authority to require operators of vehicles for hire to furnish personal injury and property damage insurance or bonds with solvent surety.**

The municipality in question was authorized by its charter "to regulate the use of automobiles . . . or other motor vehicles," and was authorized by general law "to license and regulate all vehicles operated for hire," and "to make . . . regulations for the better government." Ch. 342, Private Laws of 1907, C. S., 2787 (36), 2673. The municipality passed an ordinance requiring all operators of motor vehicles for hire to file with the city a policy or policies of insurance or a bond with solvent surety in specified amounts for each vehicle so operated indemnifying the public for loss of life, personal injuries, and damage to property caused by the negligent operation of such vehicles. *Held:* The ordinance is invalid as being beyond the authority of the municipality to enact, since